IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLIED SILICONE CORPORATION, a California corporation, R. ALASTAIR WINN, an individual, ANN F. WINN, an individual, PHILIP J. GALARNEAU, an individual, and JANICE A. GALARNEAU, an individual,<br><br>   Plaintiffs,<br><br>v.<br><br>RHODIA INC., a Delaware corporation,<br><br>   Defendant. | C.A. No. 04-242-GMS |

## STIPULATED PROTECTIVE ORDER

Whereas pretrial discovery in this action may involve the disclosure of trade secrets or confidential research, development, or commercial information of all parties and of third-parties from whom discovery may be sought; and

Whereas the parties have in good faith conferred and have agreed upon the terms of a Protective Order and for good cause shown; therefore

The parties stipulate, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, subject to the approval of the Court, to the following Protective Order:

1. **Scope Of Protection.**

   1.1   This Protective Order shall govern information, designated pursuant to ¶ 2 of this Protective Order, produced in this action, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal method of discovery, as well as hearing or

trial transcripts, matters in evidence and any other information furnished, directly or indirectly, by or on behalf of any party to this action or any third-party.

1.2   This Protective Order shall also govern any designated information produced in this action pursuant to required disclosures under any federal procedural rule or District of Delaware local rule, and any supplementary disclosures thereto.

1.3   This Protective Order shall apply to the parties and any third-party from whom discovery may be sought and who desires the protection of this Protective Order.

2.   **Designation.**

2.1   CONFIDENTIAL INFORMATION: Each party, and any third-party from whom discovery is sought and who desires the protection of this Protective Order, shall have the right to designate as "CONFIDENTIAL INFORMATION" and subject to this Protective Order information, in any form, relating to confidential financial, commercial, marketing or business information, trade secrets, know-how, or proprietary data relating to research, development, financial, commercial, marketing, business or other technical or non-technical subject matter within the meaning of Fed. R. Civ. P. 26(c)(7).

2.2   HIGHLY CONFIDENTIAL INFORMATION -- ATTORNEYS' EYES ONLY: Each party, and any third-party from whom discovery is sought and who desires the protection of this Protective Order, shall have the right to designate as "HIGHLY CONFIDENTIAL INFORMATION -- ATTORNEYS' EYES ONLY" and subject to this Protective Order any confidential information as defined in ¶ 2.1, and the disclosure of which to the non-producing party would be likely to cause harm to the

competitive position of the producing party with regard to information about research, development, sales, marketing, manufacturing and/or processing of current and/or future products or product candidates of the party. Such "HIGHLY CONFIDENTIAL INFORMATION -- ATTORNEYS' EYES ONLY" documents and information may include, without limitation, trade secrets, confidential technical information, confidential research and development information, technical or manufacturing practices, methods, or other know-how, confidential regulatory submissions, minutes of Board meetings, pricing data, financial data, sales information, customer-confidential information, agreements or relationships with third-parties, market projections or forecasts, strategic business plans, selling or marketing strategies or new product development, testing, manufacturing costs or information about employees.

3. **Labeling Of Documents, Application Of Order.**

3.1   The parties, and any third-parties from whom discovery is sought and who desire the protection of this Protective Order, shall label or mark documents and things that constitute or contain CONFIDENTIAL INFORMATION with the legend "CONFIDENTIAL" or otherwise explicitly designate the materials as CONFIDENTIAL INFORMATION and subject to the Protective Order. The parties and any third parties shall label or mark documents and things that constitute or contain highly confidential information with the legend "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or otherwise explicitly designate the materials as HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY and subject to the Protective Order.

3.2   To the extent that material is marked HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY or CONFIDENTIAL or, such material shall only be

revealed to or used by limited categories of individuals identified in ¶¶ 5.1 and 5.2, respectively, and only for the purposes provided for in ¶ 4, and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order. Any copies of such material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY, and the same terms regarding confidentiality of these materials shall apply as apply to the originals.

    3.3    To the extent that any party has, prior to the date that this Order is entered, produced to the other side materials that the producing party has marked with <u>any</u> confidentiality designation, all such materials shall be considered to have been designated under this Order as HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY unless otherwise agreed by the Parties.

**4.    <u>Limit On Use And Disclosure Of Designated Information.</u>**

    4.1    Each party and all persons bound by the terms of this Protective Order shall use any information or document designated CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY only in connection with the prosecution or defense of this action, except by consent of the parties or order of the Court. Except as provided for in this Order, no party or other person shall disclose or release any information or document governed by this Protective Order to any person not authorized pursuant to this Protective Order to receive such information or document.

    4.2    It is, however, understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of designated

CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY information received by the party, provided that such rendering of advice and opinions shall not reveal the content of such information, other than in summary form, except by prior written agreement with counsel for the producing party.

4.3     The attorneys of record for the parties and other persons receiving information governed by this Protective Order shall exercise reasonable care to ensure that the information and documents governed by this Protective Order are (a) used only for the purposes specified herein, and (b) disclosed only to authorized persons.

5.      **Disclosure Of Highly Confidential Or Confidential Material.**

5.1     Documents or information designated HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY shall be disclosed by the recipient thereof, on a need-to-know basis, only to:

(a)     outside trial counsel or outside attorneys of record for the parties, and their authorized secretarial, clerical and legal assistant staff;

(b)     two inside attorneys designated in advance by each party;

(c)     the Court and Court personnel, as provided in ¶ 12;

(d)     consultants or experts and their staffs retained by the parties or their attorneys for purposes of this action, who are not objected to pursuant to ¶ 6, who are not employees or otherwise affiliated with either of the parties, and who first agree to be bound by the terms of this Protective Order;

(e)     court reporters, videographers, and their respective staffs employed in connection with this action;

(f) non-parties specifically retained by outside counsel of record to assist with copying and computer services necessary for document handling, and other litigation support personnel (e.g., graphic designers and animators, database entry personnel).

5.2 Documents designated CONFIDENTIAL shall be disclosed by the recipient thereof, on a need-to-know basis, only to those persons identified in paragraph 5.1; and

(a) current employees of any party if the employee is a potential witness in, or assisting in the litigation, who signs a Declaration and Confidentiality Undertaking in the form appended hereto as Exhibit A.

6. **Identification Of Experts.**

If any party desires to disclose information designated HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY to any expert or consultant pursuant to ¶ 5.1(d) above, it must first identify in writing (which can be by facsimile) to the attorneys for the producing party the name, address and company affiliation of each such expert or consultant. The attorney for the producing party shall have five (5) business days from receipt of such notice to object to disclosure of such information to any of the experts or consultants so identified. Any party that fails to object within 5 business days of receiving such notice shall be deemed to have waived such objection and the parties shall be deemed to have agreed upon disclosure to the expert for purposes of ¶ 5.1(d). No HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY information may be disclosed to any proposed expert or consultant until such time as the parties are deemed

to have agreed upon disclosure to the expert for purposes of ¶ 5.1(d). If the parties are unable to resolve any objections, the matter shall be submitted to the Court for resolution.

7.  **Agreement Of Confidentiality.**

In no event shall any information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY be disclosed to any person authorized pursuant to ¶¶ 5.1 (b) and (d) and 5.2 (a) until such person has executed a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Protective Order. Counsel for the party seeking to disclose material designated under this Order to any such person pursuant to this paragraph shall be responsible for retaining the executed original of all such Confidentiality Undertakings.

8.  **Related Documents.**

The restrictions contained herein to the use of information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY shall apply to (a) portions of documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance with ¶ 9; and/or (e) testimony taken at a hearing or other proceeding that is designated in accordance with ¶ 10.

9. **Designation Of Deposition Transcripts.**

9.1     Portions of deposition transcripts containing CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY information may be designated as subject to this Protective Order either on the record during the deposition or by providing written notice within 15 days following receipt of the official transcript of the deposition to the reporter and all counsel of record of the specific pages and lines that contain CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY information, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

9.2     All deposition transcripts not previously designated shall be deemed to be, and shall be treated as, HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY for a period of 15 days after receipt of the official transcript of the deposition, and the transcript shall not be disclosed during such time by a non-designating party to persons other than those persons named or approved according to ¶ 5.

9.3     The designating party shall have the right to exclude from portions of a deposition, before the taking of testimony which the designating party designates HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY and subject to this Protective Order, all persons other than those persons previously qualified to receive such information pursuant to ¶ 5.

10. **Designation Of Hearing Testimony Or Argument.**

With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY information, counsel may designate on the record prior to such disclosure that the disclosure is subject to confidentiality restrictions. Whenever matter designated CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Order to receive information so designated.

11. **Disclosure To Author Or Recipient.**

Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel or a party from disclosing a document containing information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY to any person who appears from the face of the document to have drafted, prepared, executed, or received the document. At a deposition, prior to showing a document designated CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY to a witness not covered by this paragraph or paragraph 5 herein, counsel will first show the document to counsel for the producing party and request consent to show the document to the witness. If the producing party's counsel objects, the documents will not be shown to the witness until the dispute is resolved by the parties or the Court.

12. **Designation Of Documents Under Seal.**

Any information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY, if filed with the Court, shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. The party filing any paper which reflects, contains or includes any CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY information subject to this Protective Order shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed, the appropriate legend (see ¶ 3. 1), and a statement substantially in the following form:

> **This envelope contains documents subject to a Protective Order of the Court. It should be opened only by the Court. Its contents should not be disclosed, revealed or made public except by Order of the Court or written agreement of the parties.**

13. **Confidentiality Of Party's Own Information.**

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge. Similarly, the Protective Order shall not preclude a party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by the opposing party.

14. **Other Protections.**

14.1 No person shall use any CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY information, or information derived therefrom, for purposes other than the prosecution or defense of this action.

14.2 Any party may mark any document or thing containing CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY information as an exhibit to a deposition, hearing or other proceeding and examination, provided the witness is qualified under the terms of this Protective Order to have access to such designated material.

15. **Challenge To Confidentiality.**

15.1 This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate. Nor shall any party be precluded from (a) claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, (b) applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order, or (c) applying for a further Order modifying this Protective Order in any respect. No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

15.2 On any challenge to the designation of any information, the burden of proof shall lie with the producing party to establish that the information is, in fact, CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY information. If a party seeks declassification or removal of particular items from a designation on the ground that such designation is not necessary to protect the interests of the party wishing the designated information, the following procedure shall be utilized:

(a) The party seeking such declassification or removal shall give counsel of record for the other party written notice thereof by facsimile, with confirmation by mail or by personal delivery, specifying the designated information as to which such removal is sought and the reasons for the request; and

(b) If, after conferring, the parties cannot reach agreement concerning the matter within seven (7) business days after the delivery and receipt of the notice, then the party requesting the declassification or removal of particular items may challenge the designation by motion or at a regularly scheduled discovery conference.

16.  **Inadvertent Failure To Designate And/Or Inadvertent Disclosure.**

A producing party or third-party that inadvertently fails to designate an item pursuant to this Protective Order at the time of production may thereafter make a designation pursuant to this Protective Order by serving notice thereof in writing, accompanied by substitute copies of each item, appropriately designated. Those individuals who reviewed the documents or information prior to the notice of misdesignation or failure to designate by the producing party shall return to outside counsel or destroy all copies of the misdesignated documents and shall honor, to the

extent reasonably practicable, the provisions of this Protective Order with respect to the use and disclosure of confidential information in the misdesignated documents.

17.  **Inadvertent Production Or Disclosure Of Privileged Materials.**

17.1  The inadvertent production or disclosure of any document or thing otherwise protected by the attorney-client privilege or work product immunity shall not operate as a waiver of any such privilege or immunity if, after learning of the inadvertent production or disclosure, the party who made the inadvertent production or disclosure sends to each receiving party a written request for return of the inadvertently produced or disclosed document or thing. Within ten (10) days of receiving such a request, the receiving party shall return to the producing party all such documents and things identified by the producing party as being privileged or work-product and as having been inadvertently produced and shall not utilize the information contained in such documents or things for any purpose.

(a)  If the receiving party wishes to contest that any such document or thing was inadvertently produced or is protected by the attorney-client privilege or by work-product immunity, the receiving party shall so notify the producing party in writing when the document or thing is returned to the producing party.

(b)  Within ten (10) days after receiving such notification, the producing party shall provide to the receiving party for each such document or thing a description of the basis for the claim of privilege or immunity.

(c)  Within ten (10) days after receiving such description, the receiving party may file a motion to compel production of such documents and things, the protection of which is still disputed. If such a motion is filed, the producing party

shall have the burden of proving that the documents and things in dispute are protected by the attorney-client privilege or by work-product immunity.

    (d) With respect to documents and things subsequently generated by a receiving party, which documents and things contain information derived from such inadvertently produced documents and things, if the receiving party does not notify the producing party that the receiving party disputes the claims of attorney-client privilege or work-product immunity, the receiving party shall either destroy the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

  18. **Prior Or Public Knowledge.**

This Protective Order shall not apply to information that is or was available to the public prior to disclosure. The restrictions contained in this Protective Order shall not apply to information that is or was available to the public other than by an act or omission of the party to whom such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Protective Order.

  19. **Limitation Of Protective Order.**

This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity, or to preclude either party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

### 20. Other Proceedings.

By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who may be subject to a subpoena, motion or court order in another case to disclose information that is designated by another party in this case as CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY in this case shall promptly notify that other party of the subpoena, motion or court order so that it may have an opportunity to appear and be heard on whether such information should be disclosed.

### 21. Third-Party Material.

The terms of this Protective Order, as well as the terms of any protective order that may be entered into between a discovering party and third-party for the production of information to the discovering party, are applicable to CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY information provided by a third-party. Information provided by a third-party in connection with this action and designated CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY, pursuant to the terms of this Protective Order shall be protected by the remedies and relief provided by this Protective Order.

### 22. Return Of Designated Information.

Within sixty (60) days following final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return, or destroy and certify destruction of, all materials containing information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL --

ATTORNEYS' EYES ONLY, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that (a) any documents or copies which contain, constitute or reflect attorney's work product or attorney-client privilege communications, and (b) archive copies of pleadings, motion papers, deposition transcripts, correspondence, expert reports and written discovery responses may be retained by counsel, subject to a continuing obligation to protect all such material pursuant to this Protective Order.

23. **Waiver Or Termination Of Order.**

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an Order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further Order of this Court.

24. **Modification Of Order.**

This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Order of the Court.

25. **Section Captions.**

The titles of each section of this Protective Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the Order.

26. **Days.**

All references to "days" in this Order shall be construed as calendar days, unless otherwise specifically indicated.

| | |
|---|---|
| _/s/ Jennifer Gimler Brady_ | _/s/ Robert W. Whetzel_ |
| Jennifer Gimler Brady (#2874) | Robert W. Whetzel (#2288) |
| Erica L. Niezgoda (# 3986) | Steven J. Fineman (#4025) |
| Potter Anderson & Corroon LLP | Richards, Layton & Finger, P.A. |
| 1313 N. Market St., P.O. Box 951 | One Rodney Square, P. O. Box 551 |
| Wilmington, DE 19801 | Wilmington, DE 19899 |
| (302) 984-6000 | (302) 651-7700 |
| Attorneys for Plaintiffs | Attorneys for Defendant |
| Dated: November 2, 2004 | Dated: November 2, 2004 |

IT IS SO ORDERED, this 31st day of March, 2005.

_/s/_
Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLIED SILICONE CORPORATION, a California corporation, R. ALASTAIR WINN, an individual, ANN F. WINN, an individual, PHILIP J. GALARNEAU, an individual, and JANICE A. GALARNEAU, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>RHODIA INC., a Delaware corporation,<br><br>Defendant. | )<br>)<br>)<br>) C.A. No. 04-242-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION AND CONFIDENTIALITY UNDERTAKING

I certify that I have received and carefully read the Stipulated Protective Order in this action and that I fully understand the terms of the Order. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court, District of Delaware, for any proceedings involving the enforcement of that Order or this Declaration. I declare under penalty of perjury under the laws of the United States of America this Declaration and Confidentiality Undertaking is true and correct.

EXECUTED this _____ day of _____, _____.

_____
Name

_____
Signature

_____
Present Employer or Other Business Affiliation

_____
Business Address