Issued by the
# United States District Court

**NORTHERN DISTRICT OF TEXAS**

APPLIED SILICON CORPORATION, ET AL

## SUBPOENA IN A CIVIL CASE

V.

CASE NUMBER:[1] 04-242-GMS
DISTRICT OF DELAWARE

RHODIA INC.

Judge Gregory M. Sleet

TO: Silimed, Inc.
11220 Grader Street, Suite 100
Dallas, Texas 75238

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition by telephone to be recorded by stenographic and audio means in the above case.

| PLACE OF DEPOSITION: Fish & Richardson P.C., 5000Bank One Center 1717 main Street, Dallas, Texas 75201 | DATE AND TIME April 13, 2005 @ 1:00 p.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE: Fish & Richardson P.C., 5000Bank One Center 1717 main Street, Dallas, Texas 75201 | DATE AND TIME April 12, 2005 @ 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)    March 30, 2005

*[signature]*
Attorney for Defendant Rhodia Inc

Issuing Officer's Name, Address, and Phone Number: Matthew W King, Richards, Layton & Finger, One Rodney Square, Wilmington, DE 19899; 302-651-7700

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE: |
|---|---|---|
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
   (i) fails to allow reasonable time for compliance;
   (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

   (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
   (iv) subjects a person to undue burden
(B) If a subpoena
   (i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or
   (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

**(d) DUTIES IN RESPONDING TO SUBPOENA**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

RLF1-2857182-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APPLIED SILICONE CORPORATION, a California corporation, R. ALASTAIR WINN, an individual, ANN F. WINN, an individual, PHILIP J. GALARNEAU, an individual, and JANICE A. GALARNEAU, an individual<br><br>Plaintiffs,<br><br>v.<br><br>RHODIA INC., a Delaware corporation,<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 04-242-GMS |

# **ATTACHMENT A**

## DEFINITIONS

1.  "Applied" means Applied Silicone Corporation, its predecessors, successors, subsidiaries and affiliates and their respective predecessors in interest and successors, each of its present and former executives, officers, directors, partners, employees, agents, attorneys, consultants and advisors, and all other persons acting or purporting to act on its behalf.

2.  "Silimed" means Silimed, Inc., its predecessors, successors, subsidiaries and affiliates and their respective predecessors in interest and successors, each of its present and former executives, officers, directors, partners, employees, agents, attorneys, consultants and advisors, and all other persons acting or purporting to act on its behalf.

3.  "Rhodia" means Rhodia Inc, its predecessors, successors, subsidiaries and affiliates and its respective predecessors in interest and successors, each of its present and former executives, officers, directors, partners, employees, agents, attorneys, consultants and advisors, and all other persons acting or purporting to act on its behalf.

4.    "You," "Your" or "Yourself" shall mean Silimed.

5.    "Communication" means any written, oral, telephonic or other inquiry, examination, notice, representation, discussion, conversation, correspondence, e-mail, memorandum, telegram, pleading, negotiation, review, claim, agreement, understanding, meeting or interview. Communications between any individual or entity and any other individual or entity includes communications going in either direction between such individuals or entities

6.    "Document" shall have the broadest meaning permitted under Rule 34(a) of the Federal Rules of Civil Procedure and includes, without limitation, all originals, copies (if the originals are not available), non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise) and drafts of the following items, whether printed or recorded (through a sound, video or other electronic, magnetic or digital recording system) or reproduced by hand: letters, correspondence, telegrams, telexes, facsimile transmissions, memoranda, records, summaries of personal conversations or interviews, minutes or records or notes of meetings or conferences, note pads, notebooks, postcards, "Post-It" notes, stenographic notes, jottings, handwritten entries or notes, meeting reports, messages, orders, resolutions, opinions or reports of financial advisors or consultants, opinions or reports of experts, projections, financial or statistical statements or compilations, forms, contracts, agreements, ledgers, appraisals, financial data, findings, analyses, purchase orders, confirmations, publications, articles, applications, books, pamphlets, circulars, booklets, certificates, microfilm, microfiche, reports, studies, logs, estimates, diagrams, journals, surveys, diaries, calendars, appointment books, maps, charts, graphs, bulletins, photomaps, photostats, speeches, data sheets, pictures, photographs, illustrations, blueprints, films, drawings, plans, press releases, tape recordings, videotapes, disks, diskettes, compact disks, data tapes or readable

computer-produced interpretations or transcriptions thereof, computer archives, computer databases, computer cards, computer printouts, computer tapes, computer readouts, correspondence (including fax transmissions), electronically transmitted messages ("e-mail"), voice-mail messages, interoffice communications, advertising, packaging and promotional materials and any other writings, papers and tangible things of whatever description, and including, but not limited to, any information contained in any computer, even if not yet printed out, within the possession, custody or control of Silimed, or any other means of preserving thoughts or expressions, including the original and each subsequent draft, each non-identical (whether non-identical due to alterations, attachments, blanks, comments, notes, underlining, highlighting or otherwise) of any writing or record however described, wherever the document is located, however produced or reproduced, whether draft or final version. This definition also includes both originals and copies containing or having attached to them any alterations, notes, comments or other material not appearing on the original or any other copies not containing such material, and shall include drafts, revisions of drafts and other preliminary material, from whatever source, underlying, supporting or used in the preparation of any document. This definition further includes any file or other container holding, or that at any time held, any document, as well as any writing or other communication that appears or appeared on, or is or was affixed to, such file or other container.

7. "Person" or "persons" as used herein means all individuals and entities, including all natural persons, corporations, partnerships, ventures or other business associations, societies, associations-in-fact, all federal, foreign, state, local or other governmental entities; and all legal entities, including all members, officers, employees, agents, representatives, attorneys, successors, predecessors, assigns, divisions, affiliates and subsidiaries.

8. The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other, as appropriate in context.

9. The connectives "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside of its scope.

10. "Any" includes "all" and vice versa.

11. The terms "all" and "each" shall be construed as all and each.

## EXAMINATION TOPICS

1. Applied's efforts to market and sell silicone and silicone-based products to you between November 16, 1999 and the present.

2. Communications with Applied or Alastair Winn that relate or refer to the use or intended use of silicone and silicone-based products sold by Applied to you between November 16, 1999 and the present.

3. Communications with Applied, Alastair Winn, Tony Dunkley and any sales representative acting on Applied's behalf that relate or refer to any non-competition agreement to which Applied is a party.

4. Silimed's use, and the potential uses, of silicone and silicone-based products purchased from Applied by Silimed.

5. The volume of products purchased from Applied by Silimed for use in both breast implant devices and products other than in breast implant devices.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLIED SILICONE CORPORATION, a California corporation, R. ALASTAIR WINN, an individual, ANN F. WINN, an individual, PHILIP J. GALARNEAU, an individual, and JANICE A. GALARNEAU, an individual<br><br>Plaintiffs,<br><br>v.<br><br>RHODIA INC., a Delaware corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 04-242-GMS |

## ATTACHMENT B

### DEFINITIONS

1    "Applied" means Applied Silicone Corporation, its predecessors, successors, subsidiaries and affiliates and their respective predecessors in interest and successors, each of its present and former executives, officers, directors, partners, employees, agents, attorneys, consultants and advisors, and all other persons acting or purporting to act on its behalf.

2    "Silimed" means Silimed, Inc., its predecessors, successors, subsidiaries and affiliates and their respective predecessors in interest and successors, each of its present and former executives, officers, directors, partners, employees, agents, attorneys, consultants and advisors, and all other persons acting or purporting to act on its behalf.

3    "Rhodia" means Rhodia Inc, its predecessors, successors, subsidiaries and affiliates and its respective predecessors in interest and successors, each of its present and former executives, officers, directors, partners, employees, agents, attorneys, consultants and advisors, and all other persons acting or purporting to act on its behalf

4.    "You," "Your" or "Yourself" shall mean Silimed.

5.    "Communication" means any written, oral, telephonic or other inquiry, examination, notice, representation, discussion, conversation, correspondence, e-mail, memorandum, telegram, pleading, negotiation, review, claim, agreement, understanding, meeting or interview. Communications between any individual or entity and any other individual or entity includes communications going in either direction between such individuals or entities.

6.    "Document" shall have the broadest meaning permitted under Rule 34(a) of the Federal Rules of Civil Procedure and includes, without limitation, all originals, copies (if the originals are not available), non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise) and drafts of the following items, whether printed or recorded (through a sound, video or other electronic, magnetic or digital recording system) or reproduced by hand: letters, correspondence, telegrams, telexes, facsimile transmissions, memoranda, records, summaries of personal conversations or interviews, minutes or records or notes of meetings or conferences, note pads, notebooks, postcards, "Post-It" notes, stenographic notes, jottings, handwritten entries or notes, meeting reports, messages, orders, resolutions, opinions or reports of financial advisors or consultants, opinions or reports of experts, projections, financial or statistical statements or compilations, forms, contracts, agreements, ledgers, appraisals, financial data, findings, analyses, purchase orders, confirmations, publications, articles, applications, books, pamphlets, circulars, booklets, certificates, microfilm, microfiche, reports, studies, logs, estimates, diagrams, journals, surveys, diaries, calendars, appointment books, maps, charts, graphs, bulletins, photomaps, photostats, speeches, data sheets, pictures, photographs, illustrations, blueprints, films, drawings, plans, press releases, tape recordings, videotapes, disks, diskettes, compact disks, data tapes or readable

computer-produced interpretations or transcriptions thereof, computer archives, computer databases, computer cards, computer printouts, computer tapes, computer readouts, correspondence (including fax transmissions), electronically transmitted messages ("e-mail"), voice-mail messages, interoffice communications, advertising, packaging and promotional materials and any other writings, papers and tangible things of whatever description, and including, but not limited to, any information contained in any computer, even if not yet printed out, within the possession, custody or control of Silimed, or any other means of preserving thoughts or expressions, including the original and each subsequent draft, each non-identical (whether non-identical due to alterations, attachments, blanks, comments, notes, underlining, highlighting or otherwise) of any writing or record however described, wherever the document is located, however produced or reproduced, whether draft or final version. This definition also includes both originals and copies containing or having attached to them any alterations, notes, comments or other material not appearing on the original or any other copies not containing such material, and shall include drafts, revisions of drafts and other preliminary material, from whatever source, underlying, supporting or used in the preparation of any document. This definition further includes any file or other container holding, or that at any time held, any document, as well as any writing or other communication that appears or appeared on, or is or was affixed to, such file or other container.

      7     "Person" or "persons" as used herein means all individuals and entities, including all natural persons, corporations, partnerships, ventures or other business associations, societies, associations-in-fact; all federal, foreign, state, local or other governmental entities; and all legal entities, including all members, officers, employees, agents, representatives, attorneys, successors, predecessors, assigns, divisions, affiliates and subsidiaries.

8. The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other, as appropriate in context

9. The connectives "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside of its scope

10. "Any" includes "all" and vice versa

11. The terms "all" and "each" shall be construed as all and each.

## INSTRUCTIONS

1. Each request herein shall be construed independently and not with reference to any other request for the purposes of limitation.

2. The terms "refer," "relate," "reflect," "concerning" or "concern" shall be construed to bring within the scope of the request all documents that comprise, evidence, constitute, describe, explicitly or implicitly refer to, were reviewed in conjunction with, or were generated as a result of the subject matter of the request, including, but not limited to, all documents that reflect, record, memorialize, discuss, evaluate, consider, review or report the subject matter of the request

3. Whenever the term "including" is used herein, it shall be construed to mean "including, but not limited to."

4. Whenever a verb is used in one tense it shall also be taken to include all other tenses, so as to bring within this request documents that might otherwise be excluded

5. In addition to original and final versions of documents, all drafts, alterations, modifications, changes and amendments of documents should be produced, as well as all copies non-identical to the original in any respect, including any copy bearing non-identical markings or notations of any kind

6    Where documents exist or have been captured or retained in electronic form, please so indicate in your response, and provide such documents in both electronic and hard copy (printed) form.

7.    Silimed shall produce every document described in the specific requests set forth below in Silimed's possession, custody or control regardless of whether the document is possessed physically by any Plaintiff or by any of Plaintiffs' agents, brokers, accountants, investigators, experts, representatives, financial advisors, consultants, employees, attorneys or other persons acting or purporting to act on Silimed's behalf

8.    All documents produced in connection herewith shall be labeled to indicate the specific paragraph(s) of this document request to which they respond and how they are kept in the ordinary course of business.

9.    If any document requested herein is withheld or redacted on the basis of any claim of privilege or pursuant to any other legal doctrine, in lieu of producing such document, each Silimed is to provide a written statement: (i) describing the nature of the document (letter, memorandum, minutes, telegram, notes, etc.); (ii) specifying the date on which the document was prepared; (iii) identifying the person(s) who prepared or authored the document; (iv) identifying the person(s) to whom the document was sent, copied or shown; (v) setting forth the subject matter of the document; and (vi) stating the privilege or other doctrine pursuant to which the document is being withheld from production and setting forth in brief the basis for such claim of privilege or immunity from production.

10    If any document or part thereof called for by this demand has been destroyed, discarded or otherwise disposed of, Silimed shall furnish a list setting forth, as to each document or part thereof, the following information: (i) the nature of the document, e.g., letter,

memorandum, telegram, etc., (ii) the name, address, occupation, title and business affiliation of each person who prepared, received, viewed and has or has had possession, custody or control of the document; (iii) the date of the document; (iv) a description of the subject matter of the document; (v) the date of destruction or other disposition; (vi) a statement of the reasons for destruction or other disposition; (vii) the name, address, occupation, title and business affiliation of each person who authorized destruction or other disposition, (viii) the name, address, occupation, title and business affiliation of each person who destroyed or disposed of the document; and (ix) the paragraph(s) of this request that call for the production of the document.

11. If any document is not produced in full, produce it to the extent possible, and identify each page or portion of the document withheld.

12. The specific requests set forth below are continuing requests. If, after producing all responsive documents, any Silimed obtains or becomes aware of any additional documents responsive to these requests, production of such additional documents shall be made forthwith as required by Rule 34 of the Federal Rules of Civil Procedure

13. The documents requested herein must be produced as they are kept in the usual course of business, including with all staples and clips attached and with all associated file folders, dividers and file labels, or must be organized and labeled to correspond to the categories in the request

14. Any document bearing any marks that are not a part of the original text or any reproduction thereof is to be considered a separate document for purpose of responding to the following document requests.

15    If you object to any subpart of a request for information or object to providing certain information requested, state the objection and answer the unobjectionable subpart(s) of the request for information and/or supply the unobjectionable information requested.

## DOCUMENTS TO BE PRODUCED

1.    All communications with Applied or Alastair Winn that relate or refer to the use or intended use of silicone or silicone-based products purchased from Applied by Silimed.

2.    All documents that relate or refer to any restrictions on the use of products purchased from Applied by Silimed in products other than in breast implant devices