IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLIED SILICONE CORPORATION, a California corporation, R. ALASTAIR WINN, an individual, ANN F. WINN, an individual, PHILIP J GALARNEAU, an individual, and JANICE A. GALARNEAU, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>RHODIA INC., a Delaware corporation,<br><br>    Defendant | )<br>)<br>)<br>) C.A. No. 04-242-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF DEPOSITION OF APPLIED SILICONE CORPORATION
PURSUANT TO FED. R. CIV. P. RULE 30(b)(6)**

TO:    Jennifer Gimler Brady, Esquire
        Potter Anderson & Corroon LLP
        1313 North Market Street
        P. O. Box 951
        Wilmington, DE 19899

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Defendant Rhodia Inc. ("Rhodia") will take the deposition upon oral examination of Plaintiff Applied Silicone Corporation at the offices of Richards, Layton & Finger, 920 North King Street, Wilmington, Delaware 19801 on April 11, 2005 commencing at 9:00 a.m. The deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28 of the Federal Rules of Civil Procedure and will continue from day to day until completed. The deposition will be recorded by stenographic means and may also be videotaped. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Applied Silicone Corporation is directed to designate individual(s) knowledgeable to offer deposition testimony on the following subjects:

1    Applied Silicone Corporation's practices, policies and procedures for selling silicone and silicone-based products

2.    Applied Silicone Corporation's understanding of defendant's practices, policies and procedures with respect to the sale of silicone and silicone-based products.

3.    Communications with employees at Rhodia Inc. concerning sales of silicone and silicone-based products.

4    Sales of silicone and silicone-based products by Applied Silicone Corporation.

5.    Sales of silicone and silicone-based products by Applied Silicones Corporation for uses in long-term implantables.

6    Applied Silicone Corporation's understanding of the rights and obligations of the parties under the Asset Purchase Agreement dated as of November 16, 1999.

7    Sales and/or offers to sell silicone and silicone-based products by Applied Silicone Corporation to customers or potential customers between November 16, 1999 and the present.

8.    Communications with customers or potential customers of Applied Silicone Corporation with respect to the use of silicone and silicone-based products.

9.    Efforts by Applied Silicone Corporation, if any, to evaluate or monitor customers' uses of Applied Silicone Corporation's silicone and silicone-based products

10.    Applied Silicone Corporation's silicone and silicone-based products that that can only be used for breast implant devices

11    Applied Silicone Corporation's silicone and silicone-based products that can be used for breast implants and other applications

12. Applied Silicone Corporation's silicone and silicone-based products that can be used for applications other than breast implants.

13. Applied Silicone Corporation's efforts to market and sell silicone and silicone-based products to customers who, in turn, fabricate and market breast implant devices.

14. Applied Silicone Corporation's efforts to market and sell silicone and silicone-based products for use in long-term implantables other than breast implant devices.

15. Any oral or written agreements between Applied Silicone Corporation and Rhodia regarding the sale of silicone and silicone-based products.

16. Applied Silicone Corporation's understanding of the course of dealing between Rhodia and Applied Silicone Corporation since November 16, 1999 with respect to the sale of silicone and silicone-based products to customers who manufacture or fabricate breast implant devices.

17. The transaction between Rhodia and NuSil Corporation.

18. Applied Silicone Corporation's relationship with Anthony Dunkley.

19. Any efforts by Applied Silicone Corporation to market silicone or silicone-based products to Specialty Silicone Supply.

20. The volume of Applied Silicone Corporation's sales of silicone and silicone-based products for use in breast implant devices and other applications.

21. Applied Silicone Corporation's net and gross profits from the sale of silicone and silicone-based products for use in breast implant devices and other applications.

22. Applied Silicone Corporation's understanding of the effect of the transaction between NuSil Corporation and Rhodia Inc.

23. Applied Silicone Corporation's decision to commence the present action.

Rhodia requests that no later than three (3) days before the deposition, Applied Silicone Corporation identify the person(s) who will testify on each of the subjects listed above, and set forth, for each person designated, the subjects on which such person(s) will testify.

                                                                              /s/

Robert W. Whetzel (#2288)
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Whetzel@rlf.com
Fineman@rlf.com
Attorneys for Defendant Rhodia Inc.

Dated: April 6, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

> Jennifer Gimler Brady, Esquire
> Potter Anderson & Corroon LLP
> 1313 North Market Street
> P.O. Box 951
> Wilmington, DE 19899

> Steven J. Fineman (#4025)
> Richards, Layton & Finger, P.A.
> One Rodney Square
> P.O. Box 551
> Wilmington, Delaware 19899
> (302) 651-7700
> Fineman@rlf.com
> Attorneys for Defendant Rhodia Inc.

RLF1-2797886-1