IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLIED SILICONE CORPORATION, a California corporation, R. ALASTAIR WINN, an individual, ANN F. WINN, an individual, PHILIP J. GALARNEAU, an individual, and JANICE A. GALARNEAU, an individual<br><br>Plaintiffs,<br><br>v.<br><br>RHODIA INC., a Delaware corporation,<br><br>Defendant. | )<br>)<br>)<br>) C.A. No. 04-242-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT RHODIA INC.'S MOTION *IN LIMINE* TO
PRECLUDE PLAINTIFFS FROM SEEKING DAMAGES AT TRIAL**

Defendant Rhodia Inc. ("Rhodia"), by and through its undersigned counsel, moves this Court for an order *in limine* precluding Plaintiffs from seeking damages at trial. The grounds for this motion are as follows:

I. **Background**

On the evening of July 22, 2005, Plaintiffs forwarded to Rhodia a draft of the pre-trial order for Rhodia's review and comment. The draft pre-trial order provides, under the heading "Issues of Fact in Dispute," that the following issues remain in dispute for trial:

- Whether Plaintiffs have lost business and profits as a result of Rhodia's breach of the APA; and

- Whether Plaintiffs have lost business and profits as a result of Rhodia's breach of the covenant of good faith and fair dealing.

Plaintiffs' inclusion of these issues is inappropriate because Plaintiffs have never alleged a claim for monetary damages in this action. Rhodia has attempted to ascertain from Plaintiffs

confirmation that Plaintiffs are not attempting to raise a claim for damages at this late hour, however, Plaintiffs have declined to take a position on this issue.

Rhodia seeks an order from this Court precluding Plaintiffs from raising an eleventh hour damages claim after the deadline for amendment has passed, after the close of fact and expert discovery and without Rhodia having been given any fair notice of Plaintiffs' intent to seek damages or an opportunity to conduct discovery. Rhodia respectfully requests that the Court preclude Plaintiffs from asserting any claim for damages for the following reasons: (i) the Complaint does not state a claim for monetary relief pursuant to Delaware District Court Local Rule 9.4(a); (ii) Plaintiffs have conceded that any alleged damages for lost profits could not be calculated with any degree of certainty; (iii) the parties submitted a Joint Status Report in September 2004 submitting Plaintiffs were not seeking damages; and (iv) Plaintiffs have failed to disclose through discovery the bases for any alleged damages.

## II. Argument.

Pursuant to Delaware District Court Local Rule 9.4(a), "a pleading which sets forth a claim for relief in the nature of unliquidated money damages shall state in the *ad damnum* clause a demand specifying the nature of the damages claimed, e.g., 'compensatory,' 'punitive,' or both, but shall not claim any specific sum." Plaintiffs' *ad damnum* clause is noticeably void of any reference to damages. From the commencement of this action, Plaintiffs have taken the position that they would not, and could not, seek damages through this proceeding. To the contrary, Plaintiffs have expressly disclaimed their ability to claim damages. This decision is evidenced by Plaintiffs' assertion in the Complaint that they could not calculate damages. *See* D.I. 2, ¶¶ 27, 34, 39 and 50 ("[b]ecause of the changing nature of the market for products, it is impossible to

determine with any reasonable degree of certainty what Plaintiffs' damages from lost profits might be, but such amount would greatly exceed the jurisdictional requisite of this Court.").

Both parties understood from the beginning that Plaintiffs would not pursue damages, and proceeded with the prosecution of this action accordingly. On September 8, 2004, Plaintiffs forwarded to Rhodia a draft Joint Status Report. Under the heading "Relief," Plaintiffs had written: "Plaintiffs also seek damages from their loss of profits in the Long-Term Implantable Silicones business from June 2003 forward." As evidenced by the final version, the Joint Status Report was revised so that it was consistent with the relief sought in the Complaint, and the parties submitted Plaintiffs were not seeking damages. *See* D.I. 20 ("[b]oth parties seek declaratory and injunctive relief.").

If Plaintiffs were allowed to assert a damages claim at this juncture, Rhodia would be unduly prejudiced. Rhodia has not taken any discovery relating to Plaintiffs' alleged entitlement to damages, nor has it taken discovery of Plaintiffs' calculation of damages. If Plaintiffs had raised a damages claim, Rhodia certainly would have taken both written and oral discovery, and would have contemplated the retention of an expert witness. Plaintiffs could have amended their Complaint to include a claim for damages, and could have given Rhodia the opportunity to seek discovery of Plaintiffs' alleged damages, but failed to do so.[1] With trial scheduled for the first week of October, and Rhodia having not been afforded any opportunity for discovery on Plaintiffs' theory of damages and any calculations relating thereto, Plaintiffs' eleventh hour efforts to insert a damages claim should not be permitted.

---

[1] Plaintiffs never amended the Complaint to include a claim for damages. Of course, in amending the Complaint to seek damages, Plaintiffs would have been compelled to reconcile their damages claim with the prior representation that damages could not be calculated with any reasonable degree of certainty.

3

## III. Conclusion

For the foregoing reasons, Rhodia respectfully requests that the Court grant this motion and preclude Plaintiffs from seeking any damages at trial.

>                                    /s/ [signature]
> Robert W. Whetzel (#2288)
> Steven J. Fineman (#4025)
> Richards, Layton & Finger, P.A.
> One Rodney Square
> P.O. Box 551
> Wilmington, Delaware 19899
> (302) 651-7700
> Attorneys for Defendant Rhodia Inc.

Dated: July 25, 2005

## CERTIFICATION PURSUANT TO
## DISTRICT OF DELAWARE LOCAL RULE 7.1.1

Counsel for Defendant has consulted with counsel for Plaintiffs pursuant to District of Delaware Local Rule 7.1.1 concerning the subject matter of the attached motion and Plaintiffs have not taken a position with respect to the relief sought in the motion.

_____
Steven J. Fineman (#4025)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLIED SILICONE CORPORATION, a California corporation, R. ALASTAIR WINN, an individual, ANN F. WINN, an individual, PHILIP J. GALARNEAU, an individual, and JANICE A. GALARNEAU, an individual<br><br>Plaintiffs,<br><br>v.<br><br>RHODIA INC., a Delaware corporation,<br><br>Defendant. | )<br>)<br>)<br>)  C.A. No. 04-242-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

WHEREAS, Defendant Rhodia Inc. having moved this Court *in limine* for an order precluding Plaintiffs from seeking damages at trial; and

WHEREAS, the Court having considered the Motion and good cause having been shown,

IT IS HEREBY ORDERED this _____ day of _____, 2005, that the Motion is granted and Plaintiffs shall not be entitled to seek damages at trial.

_____
United States District Judge

RLF1-2903320-1

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2005 I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

Jennifer Gimler Brady, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899

and have sent by U.S. First Class Mail to the following non-registered participants.

Janet Vining Mitchell, Esquire
Applied Silicone Corporation
P.O. Box 4099
Santa Barbara, CA 93140

Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Fineman@rlf.com
Attorneys for Defendant Rhodia Inc.

RLF1-2797886-1