IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLIED SILICONE CORPORATION, a California corporation, R. ALASTAIR WINN, an individual, ANN F. WINN, an individual, PHILIP J. GALARNEAU, an individual, and JANICE A. GALARNEAU, an individual,<br><br>                      Plaintiff,<br>v.<br><br>RHODIA, INC., a Delaware corporation,<br><br>                      Defendant. | C.A. No. 04-242 (GMS) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT RHODIA, INC.'S MOTION IN LIMINE TO PRECLUDE PLAINTIFFS FROM SEEKING DAMAGES AT TRIAL**

Plaintiffs Applied Silicone Corporation, a California Corporation, R. Alastair Winn, Ann F. Winn, Philip J. Galarneau, and Janice A. Galarneau ("Plaintiffs"), by and through their undersigned counsel, hereby submit the following opposition to Defendant Rhodia, Inc.'s Motion in Limine to Preclude Plaintiffs from Seeking Damages at Trial.

### I.    Facts

Defendant's contention, in its moving papers, that "Plaintiffs have never alleged a claim for monetary damages in this action is incorrect. Plaintiffs' Verified Complaint alleged that Plaintiffs had been harmed in an undetermined amount by Defendant's conduct in terms of lost damages and profits; (Verified Complaint, paragraphs 26, 33, 38, 49.) Further, Plaintiffs alleged that the amount in controversy in this action exceeds $75,000. (Verified Complaint, paragraph 2.) The Complaint's prayer, while focusing upon equitable relief, also seeks such other and further relief as the

court deems proper. Plaintiffs raised the issue of damages from the outset and have not withdrawn their claim for damages.

While Defendant asserts that the Joint Status Report filed in this matter states "Plaintiffs were not seeking damages," (Mtn., p.2) in actuality the Joint Status Report states "Both parties seek declaratory and injunctive relief," but did not state that Plaintiffs were not seeking monetary damages.

## II.  Discovery Responses

Plaintiffs have provided discovery pertaining to their lost profits claim. Plaintiffs produced numerous letters from potential customers who wanted to purchase long-term implantable silicones from Applied Silicone after Rhodia sold that business sector to NuSil. (ASC00128-00151.) Rhodia also produced documents relevant to Applied's calculation of damages at the deposition of Rhodia, Inc., where a compilation of Rhodia's sales of long-term implantable materials prior to its sale of that business sector to NuSil was presented. (Plaintiff's Exhibit 35 to Deposition of Rhodia, Inc.)

Plaintiffs do not intend to offer any additional documentary evidence on the issue of damages. Rhodia has been in possession of Plaintiffs' documentary evidence since document production took place in February and March of 2005. In addition, Defendant actually prepared the compilation of sales Plaintiffs intend to offer into evidence. Therefore, Defendant will suffer no prejudice if Plaintiffs are permitted to introduce this evidence concerning their lost profits.

III. **Argument**

Relevant evidence is evidence that has any tendency to prove or disprove any fact of consequence to the action. (Federal Rules of Evidence, Rule 401.) All relevant evidence is generally admissible. (Federal Rules of Evidence, Rule 402.) Evidence concerning Plaintiffs' lost profits is relevant to prove the allegations of Plaintiffs' Verified Complaint. Defendant has not cited any compelling reason to prevent Plaintiffs from introducing evidence of those lost profits.

Motions in limine are appropriate to prevent a jury from hearing potentially prejudicial evidence. *See Pharmastem Therapeutics, Inc. v. Viacell Inc.*, 2003 U.S. Dist. LEXIS 17137, *9 (D. Del. 2003) (granting motion in limine where probative value of evidence substantially outweighed by the risk of unfair prejudice to plaintiff and great likelihood of jury confusion); *Hyatt v. Sierra Boat Company*, 79 Cal.App.3d 325, 337-338 (Cal. Ct. App. 1978) (motions in limine appropriate where a court's instruction to disregard evidence may constitute a futile effort to "unring the bell"). There is no jury in this case, however, and it is inappropriate for the Defendant to attempt to prevent Plaintiffs from proving their case when the danger of jury prejudice is absent.

Plaintiffs respectfully request that the Court reserve a determination on the validity of their claim for damages until the time of trial where a full evaluation may be made.

Defendant's motion should be denied.

POTTER ANDERSON & CORROON LLP

By: /s/ Sarah E. DiLuzio
Jennifer Gimler Brady (#2874)
Sarah E. DiLuzio (#4085)
1313 North Market St.
P.O. Box 951
Hercules Plaza, Sixth Floor
Wilmington, DE 19801
(302) 984-6000

*Attorneys for Plaintiffs*

Dated: August 8, 2005

693857

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2005, the foregoing PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE was caused to be served on the following counsel of record by electronic filing via CM/ECF, where it may be viewed and downloaded:

>Robert W. Whetzel (#2288)
>Steven J. Fineman (#4025)
>Richards Layton & Finger, P.A.
>One Rodney Square
>P.O. Box 551
>Wilmington, DE 19899

>/s/ Sarah E. DiLuzio
>Sarah E. DiLuzio (#4085)
>Potter Anderson & Corroon LLP
>Hercules Plaza, 6th Floor
>1313 N. Market St., P.O. Box 951
>Wilmington, Delaware 19899
>(302) 984-6000
>sdiluzio@potteranderson.com