IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLIED SILICONE CORPORATION, a California corporation, R. ALASTAIR WINN, an individual, ANN F. WINN, an individual, PHILIP J. GALARNEAU, an individual, and JANICE A. GALARNEAU, an individual<br><br>Plaintiffs,<br><br>v.<br><br>RHODIA INC., a Delaware corporation,<br><br>Defendant. | )<br>)<br>)<br>)  C.A. No. 04-242-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT RHODIA INC.'S REPLY IN SUPPORT OF ITS
MOTION *IN LIMINE* TO PRECLUDE PLAINTIFFS FROM
SEEKING DAMAGES AT TRIAL**

Defendant Rhodia Inc. ("Rhodia" or "Defendant") states as follows in further support of its Motion *in Limine* to Preclude Plaintiffs From Seeking Damages at Trial ("Motion").

**I.   PLAINTIFFS' EFFORTS TO INJECT AN ELEVENTH HOUR DAMAGES CLAIM SHOULD BE REJECTED.**

Plaintiffs filed a Complaint devoid of any claim for damages. Plaintiffs never asserted that they were entitled to damages, nor did they request damages in their *ad damnum* clause as required by Delaware District Court Local Rule 9.4(a). Instead, Plaintiffs merely alleged that the amount in controversy exceeded the jurisdictional threshold of 28 U.S.C. § 1332, and that they were entitled to equitable relief. Moreover, in an apparent effort to buttress their claim for equitable relief, Plaintiffs affirmatively asserted in their Complaint that it would be "impossible" to calculate damages with any reasonable degree of certainty. *See* D.I. 2, ¶¶ 27, 34, 39 and 50. Against this backdrop, in connection with preparation of the pre-trial order, Plaintiffs now assert

a right to recover damages, based on the position that a request for "such other and further relief as the Court deems proper" constitutes a claim for damages.[1]

Plaintiffs cannot contend in good faith that they have come anywhere close to providing fair notice of a claim for damages, and Defendant has not conducted the discovery that would be warranted if a claim for damages had been properly alleged in the Complaint. Plaintiffs' blatant effort to sandbag Defendant should be rejected.

### A.   Plaintiffs Concede That They Have Failed To Properly Plead Damages.

Plaintiffs' opposition ("Opposition") does not address Plaintiffs' failure to plead a claim for damages as required by Local Rule 9.4(a) -- an omission that speaks volumes. Plaintiffs' lack of any response on this point is tantamount to a concession that they did not plead damages in the Complaint.

Plaintiffs' behavior during the course of the case is consistent with the absence of a claim for damages. During the preparation of the Joint Status Report, Plaintiffs initially included a provision that indicated that they were seeking damages. Rhodia objected to including such language in the Joint Status Report, because the Complaint did not include such a claim. Plaintiffs withdrew the disputed language, and never stated or suggested that they did intend to seek damages. Unless Plaintiffs were intentionally misleading both Rhodia and the Court at that time, the absence of a reference to damages in the Joint Status Report confirms that Plaintiffs did not, and cannot now, seek damages.

Plaintiffs' effort at this juncture to fabricate some basis for a claim for damages should be rejected. The jurisdictional amount in controversy allegation, to meet the requirements of 28 U.S.C. § 1332, is not a claim for damages. Indeed, the amount in controversy is an entirely

---

[1] In its counterclaim, Rhodia has sought "such other and further relief as the Court deems just and proper." Under Plaintiffs' pleading practice, Rhodia should be entitled to seek damages.

separate matter from any damages that may or may not have been sustained. The language of the Complaint is self-evident on this issue. *See* D.I. 2, ¶¶ 34 and 39 ("... it is impossible to determine with any reasonable degree of certainty what Plaintiffs' damages from lost profits might be, but such amount would greatly exceed the jurisdictional requisite of this Court.").

Moreover, Rhodia would be unduly prejudiced if Plaintiffs were entitled to seek damages without any notice. Plaintiffs have never disclosed any calculation of alleged damages as required by the mandatory discovery provisions of F.R.C.P. 26(a)(1)(C), and Rhodia has not had any opportunity to take damages discovery.[2]

### B. The Court Should Grant Rhodia's Motion In Advance Of Trial.

Plaintiffs request the Court to defer ruling on the Motion, based on the assertion that motions *in limine* are inappropriate in a bench trial. *See* Opposition at 3. That position seems to ignore the scheduling order entered by this Court, which very clearly requires the filing of motions *in limine* by July 25, 2005. Plaintiffs can offer no legitimate reason why the Court should postpone ruling on the present motion.

For the foregoing reasons, Rhodia respectfully requests that the Court grant the Motion.

/s/ Robert W. Whetzel

Robert W. Whetzel (#2288)
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Whetzel@rlf.com
Fineman@rlf.com

Dated: August 15, 2005           Attorneys for Defendant Rhodia Inc.

---

[2] The deposition exhibit referenced in the Opposition was not requested by Plaintiffs, but instead, was provided by Rhodia in support of its counterclaim and defenses. Plaintiffs never sought damages discovery, nor did it designate an expert witness on this issue -- additional reasons Rhodia had no reason to believe that Plaintiffs were seeking damages.

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2005 I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

Sarah E. DiLuzio, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899

and have sent by U.S. First Class Mail to the following non-registered participants:

Janet Vining Mitchell, Esquire
Applied Silicone Corporation
P.O. Box 4099
Santa Barbara, CA 93140

Steven J. Pineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Fineman@rlf.com
Attorneys for Defendant Rhodia Inc.